**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NAPOLEON STEPHANY,  :  <br>    Plaintiff,   :  <br>                :  <br> v.             :     CIVIL ACTION NO. 20-CV-4433  <br>                :  <br> SCI MAHANOY, *et al.*     :  <br>    Defendants.       : | |

**MEMORANDUM**

**RUFE, J.**                                                                                       **SEPTEMBER 17, 2020**

Napoleon Stephany has filed a handwritten Complaint naming as Defendants SCI Mahanoy, the Pennsylvania Department of Corrections, "Medical Dep." And "Psychology Dep." Stephany has also filed a Motion to proceed *in forma pauperis*. For the following reasons, Stephany, who appears to no longer be in custody, will be excused from paying the filing fee, and the case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**

Stephany alleges that on September 29, 2018, while he was confined at SCI Mahanoy, he purposely climbed a razor wire fence in an attempt to escape and injured his hand. (ECF No. 2 at 1.)[1] Non-defendant Lt. Mantrey responded to the scene, followed by five other unnamed correctional officers. One of the officers slammed Stephany's head. (*Id.*) Mantrey allegedly drew his gun and pulled the trigger, but Stephany was not shot. (*Id.*) He believes Mantrey had a movie prop gun. (*Id.*)

Stephany was handcuffed and taken to the prison medical unit where he refused treatment. (*Id.* at 2.) He was asked questions and his wound was photographed. (*Id.*) He was

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

told to keep his eyes opened, but he wanted to sleep. (*Id.*) He was hooked up to an IV and felt numbness all over his body. (*Id.*) He was also given an injection. (*Id.*) He heard a voice speaking German or Russian that cause him anxiety. (*Id.*) He opened his eyes and saw the person holding a medical instrument. (*Id.*) This person cut into his hand with the instrument. (*Id.*) He also heard this person drill a hole into his hand. (*Id.*) He alleges the unnamed person violated his constitutional rights. (*Id.*) Stephany seeks money damages in the amount of $500 million. (*Id.*)

## II.     STANDARD OF REVIEW

Because it appears that Stephany cannot pay the filing fee, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Stephany is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

>Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Pennsylvania Department of Corrections

The claim for money damages Stephany seeks to assert against the Department of Corrections may not proceed.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments are immune from suits filed in federal court.  Accordingly, the Department of Corrections is dismissed.

### B. Claims Against SCI Mahanoy, "Medical Dep." And "Psychology Dep."

The § 1983 claim against SCI Mahanoy is dismissed with prejudice because a prison is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).  Likewise, a prison medical department is a not a "person" for § 1983 purposes.  *Fischer v. Cahill*, 474 F.2d 991,

3

992 (3d Cir. 1973).  Accordingly, SCI Mahanoy, "Medical Dep." and "Psychology Dep." are dismissed.

The Court cannot say, however, that Stephany can never state a plausible § 1983 claim based upon the medical care he received at SCI Mahanoy.  Accordingly, while all named Defendants will be dismissed with prejudice, the Complaint will be dismissed without prejudice and with leave granted to Stephany to file an amended complaint if he is able to name an appropriate state actor defendant who was personally responsible for the alleged denial of his constitutional rights.

An appropriate Order follows.

                    **BY THE COURT:**

                    **/s/ Cynthia M. Rufe**
                    _____
                    **CYNTHIA M. RUFE, J.**